**AIMAN-SMITH & MARCY**
PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy #191531
Hallie Von Rock #233152
Carey A. James #269270
Brent A. Robinson #289373
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
caj@asmlawyers.com
bar@asmlawyers.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACI PING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEE'S CANDY SHOPS, INC., SEE'S CANDIES, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 19-cv-2504<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO INDEMNIFY BUSINESS EXPENSES**<br>2. **FAILURE TO REIMBURSE FOR REQUIRED UNIFORMS**<br>3. **FAILURE TO PAY MINIMUM WAGES**<br>4. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**<br>5. **WAITING TIME PENALTIES**<br>6. **UNFAIR BUSINESS PRACTICES**<br>7. **INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

Laci Pang ("Named Plaintiff") is informed and believes and thereupon alleges the following:

## I. INTRODUCTION

1. Named Plaintiff brings these claims, individually and as a class action under Federal Rule of Civil Procedure 23, against defendants See's Candy Shops, Inc. and See's Candies, Inc. (together, "See's" or "Defendants"). These claims are asserted by Named Plaintiff in her capacity as class action representative on behalf of all similarly situated persons (the "Class").

2. The Class consists of all individuals employed at any See's store in California as a non-exempt employee at any time during the Class Period.

3. The Class Period is designated as the period from 4 years prior to the filing of this action through the trial date.

4. As used herein, "Plaintiffs" means Named Plaintiff and all members of the Class.

5. Plaintiffs have been injured by Defendants' failure to reimburse necessary business expenditures, failure to pay for required work uniforms, failure to pay minimum wages, failure to furnish accurate wage statements, and failure to pay all wages due at termination of employment.

6. For these injuries, Plaintiffs seek damages, restitution, and penalties, as well as interest, attorney's fees, costs, and injunctive relief, all under California law, including: California Labor Code §§ 201, 202, 203, 226, 1194, 1194.2, 1197, 1198, 1197.1, and 2802; IWC Wage Order No. 7, §§ 4 and 9(A); California Code of Civil Procedure § 1021.5; and California Business & Professions Code § 17200, *et seq*.

7. All violations of California law described herein have been ongoing for at least four years, are continuing at present, and will continue unless and until enjoined by this Court.

8. Defendants knowingly and intentionally engaged in the conduct complained of herein, and Defendants acted as alleged herein in willful and knowing violation of the law.

/ / /

/ / /

## II. PARTIES

9. Defendant See's Candy Shops, Inc. is a California Corporation, registered to and conducting business in California, with its headquarters and principal place of business in South San Francisco, California.

10. Defendant See's Candies, Inc. is a California Corporation, registered to and conducting business in California, with its headquarters and principle place of business in South San Francisco, California.

11. Together, See's Candy Shops, Inc. and See's Candies, Inc. own and operate retail candy stores in California, throughout the United States, and internationally. See's operates more than 100 stores in California.

12. Named Plaintiff Laci Ping is a resident of Talihina, Oklahoma. Ms. Ping was employed by See's in Chico, California as a non-exempt store employee from approximately October 2010 until approximately December 2018.

13. Plaintiffs are ignorant of the true names or capacities of defendants named herein as Does 1 through 10, inclusive, and therefore sue these defendants by these fictitious names. When the names and capacities of these defendants are ascertained, Plaintiffs will amend this complaint accordingly. Each of the defendants named herein or designated as a Doe is liable or in some manner legally responsible for the events alleged herein.

## III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000 and the parties to this action are residents of different states.

15. This Court has specific and general personal jurisdiction over the Defendants in this action because Defendants maintain their headquarters and principal places of business in this State, Defendants are essentially at home in this State, and Defendants have purposefully availed themselves of the privileges and immunities of conducting business in this State.

16. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendants are subject to this Court's personal jurisdiction in that Defendants' headquarters

1  and principal places of business are located in this District.

2      17.    Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a
3  substantial part of the events or omissions giving rise to the claims asserted herein occurred in
4  this District.

5  **IV.    GENERAL ALLEGATIONS**

6      18.    See's operates approximately 110 candy stores in California. Throughout the
7  Class Period, See's has required, by company-wide policy, that Plaintiffs purchase and wear
8  clothing articles consistent with the brand image See's attempts to project in its stores,
9  specifically, that of a 1940s-era candy shop. As a part of this marketing strategy, See's
10 requires its employees to purchase and wear nude pantyhose, black shoes of a specific design,
11 white or nude slips (to be worn under dresses provided by See's), and other specific clothing
12 items. See's does not reimburse Plaintiffs for the expense of obtaining these clothing items.

13     19.    These clothing items are of a distinctive design or color and are not generally
14 usable in the occupation, and therefore constitute a uniform under Wage Order 7, § 9(A). By
15 failing to pay for these uniforms, See's violates this provision of the wage order.

16     20.    Further, because these clothing items are required as a condition of employment,
17 they constitute necessary business expenses which must be reimbursed by See's. By failing to
18 reimburse Plaintiffs for these clothing items, See's violates Labor Code § 2802, which
19 provides that "an employer shall indemnify his or her employee for all necessary expenditures
20 or losses incurred by the employee in direct consequence of the discharge of his or her duties."

21     21.    Further, by requiring Plaintiffs, most of whom are paid at or near the minimum
22 wage, to purchase their own uniforms, See's pushes Plaintiffs' wages below the legal
23 minimum in violation of Labor Code § 1197 and IWC Wage Order No. 7, § 4.

24     22.    Further, by failing to reimburse Plaintiffs for uniform purchases, and by failing to
25 pay minimum wages as a result, See's fails to provide Plaintiffs with accurate wage statements
26 because the wage statements provided to Plaintiffs display inaccurate information with respect
27 to gross wages earned, net wages earned, and applicable hourly rates. This conduct violates
28 Labor Code § 226.

23. Further, during the Class Period, many Plaintiffs quit or were terminated from employment with See's. By failing to reimburse these employees for uniforms, and by failing to pay minimum wages as a result, See's failed to pay all wages due on termination of employment to these employees. This conduct violates Labor Code §§ 201 and 202.

24. See's conduct as alleged herein constitutes unlawful, unfair, and fraudulent business practices under Business and Professions Code § 17200, *et seq.*, and Plaintiffs have been injured in fact, and have lost money or property as a result of See's unfair competition and unlawful practices.

25. Named Plaintiff seeks to enjoin See's unlawful practices as described herein. Named Plaintiff has been injured in fact and has lost money and property as a result of these practices, and brings her claim for injunctive relief to prevent further harm to the public at large, which continues to face and suffer harm as a result of See's practices. Named Plaintiff seeks preliminary and permanent injunctions to prohibit See's ongoing unlawful acts, which threaten future injury to the public.

V. **CLASS ACTION ALLEGATIONS**

26. Named Plaintiff brings this action on behalf of herself and as a class action pursuant to Federal Rule of Civil Procedure 23.

27. The Class that Named Plaintiff seeks to represent is defined as follows: All individuals employed at any See's store in California as a non-exempt employee at any time from 4 years prior to the filing of this action through the trial date.

28. The claims alleged by Named Plaintiff may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because the requirements of that Rule are satisfied with respect to those claims.

A. **Numerosity**

29. The total number of members of the Class is believed to be in excess of 1,000 persons. Accordingly, joinder of all class members would be impractical.

B. **Commonality**

30. There are numerous questions of law and fact common to the Class. Such

questions include, but are not limited to, the following:

 (a) Whether the clothing items required by See's constitute a uniform under Wage Order No. 7, § 9(A).

 (b) Whether the clothing items required by See's constitute necessary business expenditures under Labor Code § 2802;

 (c) Whether See's failed to pay Plaintiffs at least the legal minimum wage in violation of California law;

 (d) Whether See's failed to provide accurate, itemized wage statements to Plaintiffs in violation of California law;

 (e) Whether See's failed to pay Plaintiffs all wages upon termination of employment in violation of California law;

 (f) Whether See's actions constitute violations of Business and Professions Code § 17200, *et seq.*;

 (g) Whether See's actions in violation of California labor law were "willful" for purposes of imposing additional penalties;

 (h) The proper formula for calculating wages, damages, waiting time, and other statutory penalties owed to Plaintiffs;

 (i) Whether See's will, unless enjoined, continue the practices alleged herein; and

 (j) The terms and conditions of the injunction to be issued against See's.

### C. Typicality

31. Named Plaintiff's claims are typical of the claims of the Class. Named Plaintiff and all members of the proposed Class are or were subjected to the same policies and procedures, and their claims arise out of See's common course of conduct and are based on the same legal and remedial theories.

### D. Adequacy of Representation

32. Named Plaintiff will fairly and adequately protect the interests of the Class. Named Plaintiff has retained competent and capable attorneys who are experienced trial

lawyers with significant experience in complex and class action litigation, including employment litigation. Named Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Named Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the Class.

### E.     Propriety of Certification under FRCP 23(b)(3)

33.     Questions of law and fact common to the Class, including the common questions described above, predominate over any questions affecting only individual members of the Class. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action. The identity of each member of the proposed Class can be established by uniform records maintained by See's.

34.     The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of the claims asserted herein. Prosecution of this case as a class action will permit a large number of injured parties to pursue their common claims in a single forum, at the same time, which will promote efficiency, prevent duplication of evidence and efforts, and preserve judicial resources and the resources of the parties. A class action will avoid potentially inconsistent results in numerous individual trials or other judicial actions. Further, class treatment is the only realistic means by which Plaintiffs – hourly employees without substantial resources – can effectively litigate against large, well-represented corporate defendants like See's. In the absence of a class action, See's will be unjustly enriched by the retention of the fruits and benefits of its unlawful conduct. A multiplicity of repetitive individual actions would also place an enormous burden on the courts.

### F.     Propriety of Certification under FRCP 23(b)(2)

35.     Class certification is appropriate under FRCP 23(b)(2) because See's has acted and/or refused to act, as alleged herein, on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to the Class as a whole. The Class members are entitled to injunctive relief to end See's common, uniform, and unfair policies

and practices as described herein.

## VI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Failure to Indemnify Business Expenses**
**(California Labor Code § 2802)**

36. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

37. California Labor Code § 2802 requires employers to indemnify employees for all necessary expenditures incurred by the employees in performing their job duties.

38. As alleged herein, Defendants require Plaintiffs to purchase supplies, including clothing of distinctive design or color, necessary to perform Plaintiffs' job duties.

39. Such expenditures by Plaintiffs are incurred in direct consequence of the discharge of Plaintiffs' job duties.

40. Defendants do not reimburse Plaintiffs for these necessary expenditures.

41. As a direct and proximate result of Defendants' failure to reimburse Plaintiffs for these necessary expenditures, Plaintiffs have been injured in an amount to be proved at trial.

42. Plaintiffs are therefore entitled to recover reimbursement for these necessary expenditures, and also, to recover costs, interest, and attorney's fees as provided by California law, including Labor Code § 2802(c).

**SECOND CAUSE OF ACTION**
**Failure to Provide Uniforms**
**(IWC Wage Order No. 7, § 9(A))**

43. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

44. IWC Wage Order 7, § 9(A) provides: "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

45. As alleged herein, Defendants require Plaintiffs to wear clothing of a distinctive design and color, but fail to provide or reimburse Plaintiffs for these uniforms.

46. As a direct and proximate result of this conduct, Plaintiffs have been injured in an amount to be proved at trial.

47. Plaintiffs are therefore entitled to recover damages for these clothing expenditures, and also, to recover costs, interest, and attorney's fees as provided by California law.

## THIRD CAUSE OF ACTION
### Failure To Pay Minimum Wages
**(California Labor Code §§ 1194, 1194.2, 1197; IWC Wage Order No. 7, § 4)**

48. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

49. California law, including but not limited to California Labor Code § 1197 and IWC Wage Order No. 7, § 4, requires employers, including See's, to pay employees at least the minimum wage for all hours worked.

50. As alleged herein, See's failed to pay Plaintiffs at least the minimum wage for all hours worked, required Plaintiffs to remain under See's direction and control without compensation, and suffered and permitted Plaintiffs to perform uncompensated tasks and work.

51. As a direct and proximate result of See's refusal to pay Plaintiffs wages for all hours worked, Plaintiffs have sustained damages, including loss of wages, in an amount in excess of the jurisdictional minimum of this Court.

52. Plaintiffs are, therefore, entitled to recover lost wages in an amount according to proof and in excess of the jurisdictional minimum of this Court, and also to recover interest, costs, and attorney's fees as provided by California law.

53. Additionally, Plaintiffs are entitled to recover liquidated damages pursuant to California Labor Code § 1194.2.

## FOURTH CAUSE OF ACTION
### Failure to Furnish Accurate Wage Statements
**(California Labor Code §§ 226)**

54. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

55. California Law, including but not limited to California Labor Code § 226(a),

requires employers, including See's, to furnish employees, at the time of payment of wages, accurate, itemized wage statements.

56. As alleged herein, the wage statements provided to Plaintiffs by See's do not include the information required by California law, including but not limited to California Labor Code § 226(a).

57. Plaintiffs' ability to calculate unpaid and miscalculated wages and overtime wages has been complicated by the absence of information required by Labor Code 226(a) but missing from the wage statements provided by See's. Additionally, the absence of this information has prevented Plaintiffs from challenging the compensation rates paid by See's.

58. As a direct and proximate result of See's failure to provide Plaintiffs with accurate, itemized wage statements, Plaintiffs have encountered substantial difficulty and expense in attempting to reconstruct time and pay records.

59. As a direct and proximate result of See's failure to provide Plaintiffs with accurate, itemized wage statements, Plaintiffs have suffered injury and damage to their statutorily protected rights, and have been injured because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements.

60. See's failure to provide accurate, itemized wage statements to Plaintiffs is and was knowing and willful.

61. Accordingly, Plaintiffs are entitled to recover penalties and damages pursuant to California Labor Code § 226(e), in addition to costs and attorney's fees as provided by California law.

**FIFTH CAUSE OF ACTION**
**Waiting Time Penalties**
**(California Labor Code §§ 201, 202, and 203)**

62. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

63. California Labor Code §§ 201 and 202 require employers, including See's, to pay employees, upon the termination of employment, all wages due within the time specified by those statutes.

64. California Labor Code § 203 provides that where an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employee's wages until back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

65. As alleged herein, all members of Class who have terminated or who will terminate their employment with See's at any time prior to entry of judgment in this case were not paid all wages owed to them at the time of termination of employment.

66. As a direct and proximate result of See's failure to pay said Plaintiffs all wages when due upon termination of employment, said Plaintiffs have been injured in an amount to be proved at trial.

67. Accordingly, Plaintiffs who have terminated or who will terminate their employment with See's at any time prior to entry of judgment in this case are entitled to payment of thirty days' wages under California Labor Code § 203, and additionally to interest, costs, and attorney's fees.

**SIXTH CAUSE OF ACTION**
**Restitution - Unfair Business Practices**
**(California Business & Professions Code § 17200, *et seq*.)**

68. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

69. Each violation of California law by Defendants as alleged herein constitutes a separate and distinct unfair and unlawful practice in violation of California Business & Professions Code § 17200, *et seq*.

70. As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiffs have been injured in fact and have lost money and property, and Defendants have been enriched by the retention of funds for reimbursement that are the property of Plaintiffs.

71. Plaintiffs are entitled to restitution of all amounts which Defendants were obligated to provide to Plaintiffs and which, through the unfair and unlawful practices alleged herein, Defendants did not pay to Plaintiffs. The total of these amounts can be proved with common evidence.

72. Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's fees as provided by California law.

### SEVENTH CAUSE OF ACTION
### Injunction
### (California Business & Professions Code § 17200, *et seq*.)

73. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

74. Each violation of California law by Defendants as alleged herein constitutes a separate and distinct unlawful and unfair practice in violation of California Business & Professions Code § 17200, *et seq*.

75. Plaintiffs have been harmed by Defendants' unlawful and unfair practices as alleged herein.

76. Defendants continue to engage in the unlawful and unfair practices alleged herein through the present day.

77. Unless enjoined by this Court, Defendants will continue to engage in the unlawful and unfair practices alleged herein.

78. Plaintiffs are entitled to, and therefore request, an injunction of this Court requiring that Defendants permanently cease and desist from engaging in the unlawful and unfair practices alleged herein, and, further, that this Court make such orders as are necessary to monitor Defendants' compliance with said injunction.

79. Plaintiffs are further entitled to costs and attorney's fees for pursuing the injunction requested herein.

**VII. PRAYER FOR RELIEF**

Wherefore, Named Plaintiff, on behalf of herself and all Plaintiffs, prays for relief as follows:

1. That the Court certify this action as a class action on behalf of the Class pursuant to Federal Rule of Civil Procedure 23;

2. That the Court designate Named Plaintiff as the representative of the Class;

3. That the Court appoint the law firm Aiman-Smith & Marcy as Class counsel;

4. That Defendants be ordered to pay all amounts owed to the Class arising out of the actions complained of herein, including wages, penalties, interest, and costs;

5. That Defendants, at their own expense, be ordered to provide full and adequate notice as required in class actions to all members of the Class;

6. That this action and the Class be further designated, respectively, as a representative action and representative class under California Business & Professions Code § 17200, *et seq.*;

7. That Defendants be ordered to make full restitution of all amounts received and/or retained and/or not paid to Plaintiffs by Defendants pursuant to the California Labor Code and California Business and Professions Code § 17200, *et seq.*;

8. That, in addition to any constitutionally sufficient notice that is or might otherwise be required in a class action under California law, Defendants be ordered to pay for all necessary efforts to actually locate members of the representative class under Business and Professions Code § 17200, *et seq.*;

9. That this Court determine, and provide its declaratory judgment, that the practices complained of herein were done willfully, knowingly, and intentionally;

10. That this Court issue a temporary injunction, on terms the Court may deem appropriate and necessary, prohibiting Defendants from engaging in the practices complained of herein pending trial of this action; requiring Defendants to make appropriate reports to the Court or its appointed agent or expert regarding Defendants' compliance with said injunction; and requiring Defendants to pay all costs associated with said monitoring said injunction;

11. That this Court issue a permanent injunction, on terms the Court may deem appropriate and necessary, prohibiting Defendants from engaging in the practices complained of herein; requiring Defendants to make appropriate reports to the Court or its appointed agent or expert regarding Defendants' compliance with said injunction; and requiring Defendants to pay all costs associated with monitoring said injunction;

12. For attorney's fees as provided by statutory and common law;

13. For costs of suit incurred; and

14. For such other legal and equitable relief as the Court may deem just and proper.

Dated: May 9, 2019

**AIMAN-SMITH & MARCY**
A PROFESSIONAL CORPORATION

*Carey A. James*
_____

Carey A. James
Attorneys for Plaintiffs

# DEMAND FOR JURY TRIAL

Named Plaintiff, on behalf of herself and the Class, hereby demands a jury on all causes of action and claims with respect to which Plaintiffs have a right to jury trial.

Dated: May 9, 2019

AIMAN-SMITH & MARCY
A PROFESSIONAL CORPORATION

*Carey A. James*
_____
Carey A. James
Attorneys for Plaintiffs